UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WELLS FARGO BANK, N.A., ) | |
| ) | |
| Plaintiff, ) | Case No. 14-cv-5520 |
| v. ) | |
| ) | Judge John W. Darrah |
| NALI, INC. d/b/a SIMCO FORMAL WEAR; ) | |
| HIMANSHU LLC; CALCULATED, LLC d/b/a ) | |
| H&R BLOCK 13928; AMERICAN CHARTERED BANK; ) | |
| PRASHANT SHETH; NON-RECORD CLAIMANTS, ) | |
| UNKNOWN OWNERS, and ALL PERSONS IN ) | |
| POSSESSION OF THE LAND, ) | |
| Defendants. | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Wells Fargo Bank filed suit against Defendants Nali, Inc.; Himanshu LLC; Calculated, LLC; American Chartered Bank; and Prashant Sheth, alleging breach of contract for nonpayment of a promissory note. Plaintiff filed a motion for summary judgment against Defendants Calculated LLC ("Calculated") and Prashant Sheth (collectively, "Defendants"), which was granted on August 26, 2015. Defendants now file a Motion to Vacate Judgment pursuant to Federal Rules of Civil Procedure 60(b)(2) and 60(b)(6). For the reasons set out below, Defendants' Motion [53] is denied.

## BACKGROUND

On July 18, 2014, Plaintiff filed its Complaint against Defendants. (Dkt. 55 ¶ 1.) Sheth, the registered agent for Calculated, evaded service of the Complaint on behalf of Calculated and himself, individually. On November 14, 2014, Plaintiff filed a Combined Motion for Extension of Time to Complete Service and for Service by Special Order of the Court. (Dkt. 55 ¶ 2.) Wells Fargo effectuated service on Defendants in November and December of 2014. (*Id.*) On

January 21, 2015, attorney Michael J. Boxerman filed an appearance on behalf of Defendants and filed an Answer to the Complaint on February 12, 2015. The Answer raised no affirmative defenses and admitted most of the material allegations of the Complaint. (Dkt. 55 ¶ 3.)

On July 23, 2015, Plaintiff filed its Motion for Summary Judgment against Defendants. (Dkt. 55 ¶ 4.) On that date, Defendants' counsel, Mr. Boxerman, filed a Motion to Withdraw as Counsel. (Dkt. 55 ¶ 5.) On August 12, 2015, Mr. Boxerman represented to the Court that Defendants did not intend to oppose Plaintiff's Motion for Summary Judgment. Mr. Boxerman's Motion to Withdraw was granted. (Dkt. 55 ¶ 6.) Plaintiff's Motion was entered and continued until August 26, 2015. (Dkt. 55 ¶ 7.) Defendants failed to appear on that date and failed to file a response to Plaintiff's Motion. Plaintiff's Motion was granted. (Dkt. 55 ¶ 8.)
On September 3, 2015, Defendants filed this Motion to Vacate.

## ANALYSIS

*Relevant Law*

Under Rule 60(b), a court may relieve a party from a final judgment or order based on, among other reasons, "mistake, inadvertence, surprise, or excusable neglect"; "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial"; or "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party." Fed.R.Civ.P. 60(b); *Musch v. Domtar Indus., Inc.,* 587 F.3d 857, 861 (7th Cir. 2009). *Pro se* litigants are given more leeway than licensed attorneys when assessing their pleadings, but they must still adhere to the Federal Rules of Civil Procedure. *Pearle Vision, Inc. v. Romm*, 541 F.3d 751, 758 (7th Cir. 2008).

*Rule 60(b)(2)*

Rule 60(b)(2) authorizes a court to set aside a final judgment upon a showing of "newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial." Fed.R.Civ.P. 60(b)(2). Relief under this subsection is "unavailable unless the proffered evidence was not discovered until after judgment was entered." Rule 60(b)(2) is an extraordinary remedy that is to be granted only in exceptional circumstances. *See Mason v. Orta,* 118 F. App'x 98 (7th Cir. 2005). Defendants do not describe any "newly discovered" evidence in their Motion to Vacate[1] and provide no argument to support their claim.

*Rule 60(b)(6)*

"The movant seeking relief under Rule 60(b)(6) must show extraordinary circumstances justifying the reopening of a final judgment." *Ramirez v. United States*, 799 F.3d 845 (7th Cir. 2015) (citing *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005)). "In a rule already limited in application to extraordinary circumstances, proper resort to this 'catch all' provision is even more highly circumscribed." *Provident Sav. Bank v. Popovich*, 71 F.3d 696, 700 (7th Cir. 1995). In support of their Motion, Defendants claim that they did not receive any notices on a timely basis to respond to Plaintiff's Complaint. However, Defendants already responded to Plaintiff's Complaint when they filed an Answer on February 12, 2015. Further, there is nothing on the record to suggest that Defendants did not receive timely notice of Plaintiff's Motion for Summary Judgment. Plaintiff's Motion was filed on July 23, 2015, at which time Defendants were represented by counsel. Mr. Boxerman represented to the Court that Defendants did not intend to oppose Plaintiff's motion, and even after Mr. Boxerman's Motion to Withdraw was

---

[1] Defendants filed a Reply on September 29, 2015. The Reply does not address any of the arguments in Plaintiff's Response and appears to be a response to Plaintiff's Motion for Summary Judgment. The Court did not give leave to Defendants to file a Response to Plaintiff's Motion, and it will not be considered here.

granted on August 12, 2015, Defendants had an additional 14 days to respond or appear. Defendants failed to do so. Defendants also claim that Sheth requested to appear by telephone but was unable to do so due to "technical difficulties." Defendants provide no evidence to support this claim as well. None of Defendants' claims rise to the level of the "extraordinary circumstances" that would justify the reopening of the final judgment in this case. Therefore, Defendants fail to show any basis for relief from judgment under Rule 60(b)(2) or 60(b)(6)[2].

## CONCLUSION

For the reasons stated above, Defendants' Motion to Vacate [53] is denied.

Date:    October 29, 2015                                                                
JOHN W. DARRAH
United States District Court Judge

---

[2] Defendants filed its Motion to Vacate on behalf of Sheth and Calculated LLC. Calculated LLC is a limited liability company and cannot appear *pro se*. *1756 W. Lake St. LLC v. Am. Chartered Bank*, 787 F.3d 383, 385 (7th Cir. 2015).